Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**FEE PAID**

# UNITED STATES DISTRICT COURT

**S/I**

for the

Central District of

Division

|  |  |  |
|---|---|---|
| Mei-Miao Kuo | ) | Case No. **2:23-CV-03806-SVW-MRWx** |
| | ) | |
| _Plaintiff(s)_ | ) | _(to be filled in by the Clerk's Office)_ |
| _(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | ) ) ) ) ) | Jury Trial: _(check one)_  ☒ Yes  ☐ No |
| -v- | ) ) ) | |
| NGY Group Inc. (Sean Su, Jason Yang, and Quingjun Xia) | ) ) ) | |
| _Defendant(s)_ | ) | |
| _(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | ) ) ) ) | |

FILED
CLERK, U.S. DISTRICT COURT
MAY 18 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: rsm   DEPUTY

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mei-Miao Kuo |
| Street Address | PO Box 363 |
| City and County | Alhambra and Los Angeles County |
| State and Zip Code | Ca 91802 |
| Telephone Number | 626-383-8089 |
| E-mail Address | sidneykuo09@gmail.com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Sean Su |
| Job or Title *(if known)* | President of NGY Group, Inc. |
| Street Address | 458 Parriott Place |
| City and County | City of Industry  and Los Angeles County |
| State and Zip Code | California 91745 |
| Telephone Number | 626-269-6628 and 626-731-2521 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Jason Yang |
| Job or Title *(if known)* | Vice President of NGY Group, Inc. |
| Street Address | 458 Parriott Place |
| City and County | City of Industry  and Los Angeles County |
| State and Zip Code | California 91745 |
| Telephone Number | 626-510-5104 and 626-269-6628 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Quingjian Xia |
| Job or Title *(if known)* | Sales Manager of NGY Group, Inc. |
| Street Address | 458 Parriott Place |
| City and County | City of Industry  and Los Angeles County |
| State and Zip Code | California 91745 |
| Telephone Number | 626-747-3588 and 909-680-2768 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | n/a |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | NGY Group Inc. Los Angeles |
| Street Address | 458 Parriott Place, City of Industry, California 91745 |
| City and County | City of Industry and Los Angeles County |
| State and Zip Code | California 91745 |
| Telephone Number | 626-269-6628 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☒    Retaliation.

☒    Other acts *(specify)*:    Pervasively hostile work environment.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

Last date of harm is 2/2/2021

C.    I believe that defendant(s) *(check one)*:

☒    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race

☐    color

☒    gender/sex    Female

☐    religion

☒    national origin

☒    age *(year of birth)*    40+    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

n/a

E.    The facts of my case are as follows. Attach additional pages if needed.

Page 4 of 6

I was a subject to pervasively hostile work environment, falsely accused of stealing, damaging my reputation within my professional community, and retaliation by false allegation and or defamation.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

I have a California Department of Fair Employment and Housing (DFEH) RIGHT-TO-SUE letter.

B.      The Equal Employment Opportunity Commission *(check one)*:

☒      has not issued a Notice of Right to Sue letter.

☐      issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Remedies May Include Compensatory & Punitive Damages and Age Or Sex Discrimination & Liquidated Damages.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.       For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      5/18/2023

Signature of Plaintiff

Printed Name of Plaintiff    Mei-Mia Kuo

### B.       For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## RIGHT-TO-SUE

Your submission of this document acknowledges that you have read and agree to the DFEH's Privacy Policy. By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.

**DFEH CASE NUMBER (IF APPLICABLE):**

**COMPLAINANT:**

NAME: MEI- MIAO KUO

TELEPHONE NUMBER: 626-383-8089

ADDRESS: P.O. BOX 363

EMAIL ADDRESS: sidneykuo09@gmail.com

CITY/STATE/ZIP: Alhambra CA 91802

**RESPONDENT:**

NAME: NGY Group (Los Angeles) INC

TELEPHONE NUMBER: 626-269-6628

ADDRESS: 458 Parriott PL

CITY/STATE/ZIP: City of Industry CA 91745

NUMBER OF EMPLOYEES: approximately 70-80

TYPE OF EMPLOYER: Wholesale Home Supplies Construction & Management Inc.

Page 2 of 1.

**ADD CO-RESPONDENT:**

NAME: Jason Xia       (Qingjun Xia)

TITLE: Sales Manager

ADDRESS: 458 Parriott place City of Industry CA 91745

TELEPHONE NUMBER: 626-747-3588 / 909-680-2768

**ADD CO-RESPONDENT:**

NAME:

TITLE:

ADDRESS:

TELEPHONE NUMBER:

**DATE OF HARM:**

LAST DATE OF HARM (Month/Day/Year): 2/2/2021

1. I ALLEGE THAT I EXPERIENCED: ☒ Discrimination   ☒ Harassment

**BECAUSE OF MY ACTUAL OR PERCEIVED:**

- ☒ Age (40 and over)
- ☐ Ancestry
- ☐ Association with a member of a protected class
- ☐ Baby Bonding Leave (employers of 20-49 people)
- ☐ Color
- ☐ Criminal History
- ☐ Disability (physical or mental)
- ☐ Family Care or Medical Leave (CFRA) (employers of 50 or more people)
- ☐ Gender Identity or Expression
- ☐ Genetic Information or Characteristic
- ☐ Marital Status
- ☐ Medical Condition (cancer or genetic characteristic)
- ☐ Military and Veteran Status
- ☒ National Origin (includes language restrictions)
- ☐ Pregnancy, childbirth, breastfeeding, and/or related medical conditions
- ☒ Race
- ☐ Religious creed (includes dress and grooming practices)
- ☒ Sex/Gender
- ☐ Sexual harassment – hostile environment
- ☐ Sexual harassment – quid pro quo
- ☐ Sexual orientation
- ☐ Other (specify) _____

Right-to-Sue (DFEH 902-6M) Revised 7/2019

Page 4 of 14

## AS A RESULT, I WAS:

☐ Asked impermissible non-job-related questions

☐ Demoted

☐ Denied accommodation for pregnancy

☐ Denied accommodation for religious beliefs

☐ Denied any employment benefit or privilege

☐ Denied Baby Bonding Leave (employers of 20-49 people)

☐ Denied employer paid health care while on pregnancy disability leave

☐ Denied equal pay

☐ Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people)

☐ Denied hire or promotion

☐ Denied or forced to transfer

☐ Denied reasonable accommodation for a disability

☐ Denied the right to wear pants

☐ Denied work opportunities or assignments

☒ Forced to quit

☐ Laid off

☐ Reprimanded

☐ Suspended

☒ Terminated

☒ Other (specify) _defamation, false allegation_____

I ALLEGE THAT I EXPERIENCED:    ☒ Retaliation

## BECAUSE I:

☐ Participated as a witness in a discrimination or harassment complaint

☐ Reported or resisted any form of discrimination or harassment

☐ Reported patient abuse (hospital employees only)

☐ Requested or used a disability-related accommodation

☐ Requested or used a pregnancy-disability-related accommodation

☐ Requested or used a religious accommodation

☐ Requested or used baby bonding leave (employers of 20-49 people)

☐ Requested or used leave under the California Family Rights Act or FMLA
(employers of 50 or more people)

Right-to-Sue (DFEH 902-6M) Revised 7/2019

**AS A RESULT I WAS:**

- [ ] Asked impermissible non-job-related questions
- [ ] Demoted
- [ ] Denied accommodation for pregnancy
- [ ] Denied accommodation for religious beliefs
- [ ] Denied any employment benefit or privilege
- [ ] Denied baby bonding leave (employers of 20-49 people)
- [ ] Denied employer paid health care while on pregnancy disability leave
- [ ] Denied equal pay
- [ ] Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people)
- [ ] Denied hire or promotion
- [ ] Denied or forced to transfer
- [ ] Denied reasonable accommodation for a disability
- [ ] Denied the right to wear pants
- [ ] Denied work opportunities or assignments
- [x] Forced to quit
- [ ] Laid off
- [ ] Reprimanded
- [ ] Suspended
- [x] Terminated
- [x] Other (specify) _defamation. false allegation_

2. Do you have an attorney who agreed to represent you in this matter? ⭕ Yes ⊗ No
   If yes, please provide the attorney's contact information. _still looking for lawyers_

**COMPLAINANT'S REPRESENTATIVE INFORMATION**

Attorney Name: _____

Attorney Firm Name: _____

Attorney Address: _____

Attorney City, State, and Zip: _____

Right-to-Sue (DFEH 902-6M) Revised 7/2019

3. Briefly describe what you believe to be the reason(s) for the discrimination, harassment, or retaliation. (Optional)

I most worked as a Salesperson for a whdesale home Supplies Company named, Sk Home Supply Inc. and NGY Group Inc., for approximately seven (7) months. I was minimum wage plus Commission and was forced to quit and terminated. I observed and felt I was being discriminated. I was terminated as a result of delivering the Cabinet. "I was accused to stealing the Cabinet at the time of termination". Nobody interviewed me to ascertain why I did what I did or what the background circumstance were. I challenged the employer's condusion, but they would not listing to my version of events. According to EDD, Los Angeles Office of Appeals, ALJ Jill Cohen, on January 27, 2022, the employer did not meet the burden of Proof to show that I willfully and substantially breached important duties or obligations owed to the employer. my deviation from a regular procedure was with the employer's consent and in an effort to rectify a situation. At most it was a good faith error in judgment not amounting to misconduct. I was defamed and falsely accused of stealing a heavy kitchen cabinet to injure my credibility and reputation. I am currently suffering from emotional distress, retaliation up toward my other employers, financial hardship, and professional harm due to defamation, false allegation and termination of work.

## VERIFICATION PAGE – THIS PAGE MUST BE COMPLETED

**Before submitting the form, you must verify who you are and whether you are submitting this information for yourself or someone else.**

Verifier Name: *Anna Doro-ON*

Verifier's Relationship to Complainant: *professional colleague, former coworker former classmate*

Verifier's City and State: *Colorado Springs, Colorado*

**By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.**



CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD

**LOS ANGELES OFFICE OF APPEALS**
**300 S. Spring Street, Rm 1502 Ground Floor**
**LOS ANGELES CA 90013-1204**

(213) 897-5267

| | |
|---|---|
| MEIMIAO M KUO<br>Claimant | Case No. **7015435 (PEUC)** |
| | Issue(s): 1030/32, 1256 |
| SK HOME SUPPLIES, INC<br> Account No:  024-9097<br>Employer-Appellant | Date Appeal Filed: 07/14/2021 |
| | EDD:   0210    BYB: 03/07/2021 |

| | |
|---|---|
| **Date and Place of Hearing(s):**<br>(1)  01/27/2022 | **Parties Appearing:**<br>Claimant, Employer |

# DECISION

The decision in the above-captioned case appears on the following page(s).

The decision is final unless appealed within 30 calendar days from the date of mailing shown below. See the attached "Notice to Parties" for further information on how to file an appeal. If you are entitled to benefits and have a question regarding the payment of benefits, call EDD at 1-800-300-5616.

**Jill Coren**, Administrative Law Judge

MEIMIAO M KUO
PO BOX 363
ALHAMBRA, CA 91802-0363

Date Mailed:   FEB 07 2022

**Case No.: 7015435**                              **Los Angeles Office of Appeals**
CLT/PET: Meimiao M. Kuo                            ALJ: Jill Coren
Parties Appearing: Claimant, Employer
Parties Appearing by Written Statement: None

---

## ISSUE STATEMENT

The employer appealed from a determination/ruling that held the claimant was not disqualified for benefits under Unemployment Insurance Code section 1256 and that the employer's account was subject to charges under Unemployment Insurance Code sections 1030 and 1032. The issues in this case are:

(1)    Whether the claimant was discharged for misconduct connected with the most recent work; and

(2)    Whether the employer's reserve account is subject to charges.

## FINDINGS OF FACT

The claimant most recently worked as a salesperson for a wholesale home supplies company for approximately seven months. She was paid minimum wage plus commission and was terminated on February 2, 2021.

The employer's wholesale home supplies to registered customers who have to have either a resale or some other relationship so they can buy wholesale and resale to their customers.

The process is that the salesperson writes up a ticket, the cashier takes payment and the customer takes a slip to the warehouse where the item is brought out and delivered to them.

On or about January 11 the claimant had a customer who had purchased an item and there had a problem with the purchase and the customer was not able to finish the job for which it was purchased. He called irate to the employer's office. The claimant's then manager, who is no longer working at the company, asked the claimant to intercede and to try to get the customer's product to him so he could finish his job and they could maintain good relations. The claimant therefore operated outside of the normal policy and went to the warehouse and had the product pulled and she herself delivered it on her own time in order to appease the customer. The claimant did not know customer and had no personal relationship with him. Since the claimant works on commission it would not serve her interest to give a product away without being paid. The claimant understood that the product had been paid for.

7015435-000000.doc                              2

The claimant could not have lifted the cabinet herself since the purchase was a heavy kitchen cabinet. Typically, salespeople are not allowed into the warehouse however her previous manager allowed her to go in to pick up this item because of the mistake and their efforts to appease the customer. The customer was registered with the employer.

The claimant had one previous warning for an unrelated matter.

The claimant was terminated as a result of delivering the cabinet. The claimant was accused of stealing the cabinet at the time of termination. Nobody interviewed the claimant to ascertain why she did what she did or what the background circumstances were. The claimant challenged the employer's conclusion, but they would not listen to her version of events.

The employer representative and witness at the hearing had been more recently hired and was not present when the incident occurred. He did not have any information beyond what was written on the warning and on the termination, which was cryptic and lacked detail. He assumed that questions marks on the separation document were put there by the employer, however the claimant credibly testified that they were her question marks because of the allegations that were being made and the failure to document any of the employer's allegations.

The claimant was credible in her testimony and her frustration with the company for arriving at a negative conclusion about her and about the incident. Her testimony she was attempting to rectify a problem that was caused by the employer was credible. The employer witness/representative had no further details. He did not know whether the claimant had been interviewed as a result of the incident. His testimony was based on his belief as opposed to facts. He had some conversations with some employees that was not documented, and was not provided under oath, and lacked detail. The employer witness/rep concluded that there must have been truth to the allegations, or the claimant would not have received a warning. This circular logic lacks evidentiary weight.

REASONS FOR DECISION

The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact. (Evidence Code, section 411.)

If weaker and less satisfactory evidence is offered when it was within the power of the party to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust. (Evidence Code, section 412.)

In determining the credibility of a witness, as provided in section 780 of the Evidence Code, the administrative law judge may consider any matter that has any tendency in reason to prove or disprove the truthfulness of the testimony at the hearing, including:

   c.   the extent of the capacity of the witness to perceive, to recollect, or to communicate any matter about which the witness testifies.

   d.   the extent of the opportunity of the witness to perceive any matter about which the witness testifies.

An administrative law judge need not accept as true a witness' testimony, even though the testimony is uncontradicted. (*People v. Bobeda* (1956) 143 Cal.App.2d 496.)

Testimony given at the hearing under oath and subject to cross-examination is generally entitled to greater weight than hearsay statements, whether or not such statements are signed under penalty of perjury. (Precedent Decisions P-B-218, P-B-293, and P-B-378.)

In the present case, the claimant credibly testified about the incident and about her efforts to rectify a situation that she had not created, which accounted for the departure from regular process that usually followed. The claimant could not have taken the cabinets without assistance because they were too heavy. The claimant had cooperation from the warehouse and herself to delivered, the materials in an effort to assuage the temper of the client.

The claimant's testimony is accepted. The employer's testimony lacks specificity and detail and was not reliable. He did not have first-hand knowledge. It was within the employer's ability to provide stronger evidence, but it failed to do so. The employer's evidence is discounted.

An individual is disqualified for benefits if he or she has been discharged for misconduct connected with his or her most recent work. (Unemployment Insurance Code, section 1256.)

The employer's reserve account may be relieved of benefit charges if the claimant was discharged for misconduct. (Unemployment Insurance Code, sections 1030 and 1032.)

7015435-000000.doc                                    4

"Misconduct connected with the work" is a substantial breach by the claimant of an important duty or obligation owed the employer, wilful or wanton in character, and tending to injure the employer. (Precedent Decision P-B-3, citing *Maywood Glass Co. v. Stewart* (1959) 170 Cal.App.2d 719.)

On the other hand, mere inefficiency, unsatisfactory conduct, poor performance as the result of inability or incapacity, isolated instances of ordinary negligence or inadvertence, or good faith errors in judgment or discretion are not misconduct.

Mere ineptitude or failure to work "up to par" is not misconduct. (Precedent Decision P-B-224.)

The employer has the burden of proving misconduct. (*Prescod v. California Unemployment Insurance Appeals Board* (1976) 57 Cal.App.3d 29.)

In the present case, the employer did not meet the burden of proof to show the claimant wilfully and substantially breached important duties or obligations owed to the employer. The claimant's deviation from a regular procedure was with the employer's consent and in an effort to rectify a situation. At most it was a good faith error in judgment not amounting to misconduct. The claimant is therefore not disqualified under code section 1256.

DECISION

The determination/ruling is affirmed. The claimant is not disqualified for benefits under code section 1256. Benefits are payable, provided the claimant is otherwise eligible. The employer's reserve account is subject to charges.

BARSU/rh/jc 2-2

7015435-000000.doc                                        5