UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-03806-SVW-MRW | Date | March 27, 2024 |
| Title | Mei-Miao Kuo v. NGY Group Inc. et al | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [30] AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT [27] [33] [41] [51]

### I.   Introduction

Before the Court is a motion to dismiss brought by defendants NGY Group Inc., Sean Su, Jason Yang, and Quingjun Xia (collectively, "Defendants"). Dkt. 30. Also before the Court are four motions for summary judgment brought by Plaintiff Mei-Miao Kuo ("Plaintiff"). Dkts. 27, 33, 41, 51. For the following reasons, Defendants' motion is GRANTED, and Plaintiff's motions for summary judgment are DENIED.

### II.   Factual and Procedural Background

Plaintiff filed a complaint for employment discrimination on May 18, 2023, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. 1 at 3. Plaintiff alleges that the alleged discriminatory acts occurred on February 2, 2021. Dkt. 1 at 4.

Plaintiff's complaint form asks her when she filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 1 at 5. Plaintiff does not provide a date in response; instead, she states that "I have a California Department of Fair Employment and Housing (DFEH) RIGHT-TO-

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03806-SVW-MRW | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Mei-Miao Kuo v. NGY Group Inc. et al* | | |

SUE letter." Dkt. 1 at 5. Plaintiff also notes that the EEOC "has not issued a Notice of Right to Sue letter." Dkt. 1 at 5.

### III. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"On a motion to dismiss, [a court] may consider materials incorporated into the complaint." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id.*

### IV. Discussion

"Under Title VII, an aggrieved person wishing to bring a claim against an employer must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03806-SVW-MRW | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Mei-Miao Kuo v. NGY Group Inc. et al* | | |

exhaust administrative remedies by filing a charge with the [EEOC] and receiving a right-to-sue notice." *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018). "A claimant cannot file a lawsuit until receiving a right-to-sue notice from the agency that specifically enforces those laws." *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 905 (N.D. Cal. 2013).

A charge must be filed with the EEOC within 180 days of the alleged unlawful employment practice, or within 300 days if the person aggrieved initially instituted proceedings with a State or local agency. 42 U.S.C. § 2000e-5(e)(1). "Because this requirement is treated as a statute of limitations, failure to file a timely EEOC charge will result in the dismissal of an action brought on the same claim." *Cooper v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 488 (S.D.N.Y. 2000) (citing *Butts v. City of New York Dept. of Housing Preservation and Development*, 990 F.2d 1397, 1401 (2d Cir.1993)). See also *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A party, therefore, must file a charge within either 180 or 300 days of the date of the [discriminatory] act or lose the ability to recover for it.").

Similarly, under the ADEA, no civil action may be commenced until a charge is filed with the EEOC. 29 U.S.C. § 626(d). Such a charge must be filed, at the latest, within 300 days after the alleged unlawful practice occurred. *See id.* "Failure to file a charge within these required time limits generally prevents a person from litigating the claim." *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998).

Thus, Plaintiff must have a right to sue letter to bring her claim under Title VII. Additionally, Plaintiff must have filed a timely charge with the EEOC to bring either of her claims under Title VII or the ADEA.

### A. Notice of Right to Sue

Here, Plaintiff admitted in her complaint that the EEOC "has not issued a Notice of Right to Sue letter." Dkt. 1 at 5. And Plaintiff did not attach a right to sue letter to her complaint—she simply attached an intake form that she filled out for the purpose of obtaining a right to sue letter. *See* Dkt. 1 at 7–13.

However, on September 22, 2023, Plaintiff submitted, in a declaration in support of her third

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03806-SVW-MRW | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Mei-Miao Kuo v. NGY Group Inc. et al* | | |

motion for summary judgment, a Right to Sue letter from the EEOC (the "EEOC letter") that was issued on September 8, 2023. Dkt. 43 at 73. Although Plaintiff's complaint was premature because she did not have a right-to-sue letter at the time of filing, her receipt of the EEOC letter afterwards cured the deficiency in her original complaint. *See Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984) (finding that the subsequent issuance of right to sue letters cured any defects); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.1 (9th Cir. 1990) ("A Title VII complainant may file an action prior to receiving her right to sue letter, provided there is not evidence showing that the premature filing precluded the state from performing its administrative duties or that the defendant was prejudiced by such filing.").

### B. Timely Charge Filed with the EEOC

To pursue her Title VII and ADEA claims, Plaintiff was required to file a charge with the EEOC by November 29, 2021, at the latest (within 300 days of February 2, 2021). *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). Plaintiff's complaint fails to state when she filed a charge with the EEOC. *See* Dkt. 1 at 5 (Plaintiff stating, in response to a question asking when she filed a charge with the EEOC, that "I have a California Department of Fair Employment and Housing (DFEH) RIGHT-TO-SUE letter."). Plaintiff finally states in her *fourth* motion for summary judgment that she filed a charge with the EEOC on August 3, 2021. Dkt. 52, ¶ 27; Dkt. 53, ¶ 27; Dkt. 54, ¶ 22. In support of this proposition, she points to the EEOC Right to Sue letter. Dkt. 53, ¶ 27. But the EEOC letter, offered by Plaintiff herself, indicates the following:

> The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

Dkt. 54 at 71.[1] Given this letter, and the absence of factual allegations that point otherwise, the Court does not find it plausible that Plaintiff filed a charge with the EEOC (regarding the alleged

---

[1] The Court can consider this document (the EEOC letter) under the doctrine of incorporation by reference. *See Coto Settlement*, 593 F.3d at 1038. Plaintiff's complaint necessarily relies on this EEOC Right to Sue letter because the letter cured a deficiency in the original complaint that otherwise would have led to the dismissal of Plaintiff's Title VII claim. *See* Section IV-A. Further, the authenticity of the document is not questioned by Defendants. *See* Dkt. 48 at 3.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03806-SVW-MRW | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Mei-Miao Kuo v. NGY Group Inc. et al* | | |

discriminatory acts) in a timely manner.

Because Plaintiff failed to file a charge with the EEOC within the required time limits, Plaintiff's action is dismissed.

However, the Court finds that Plaintiff must be given leave to amend. Defendants cite *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) for the proposition that filing a timely charge is required to establish subject matter jurisdiction over a Title VII claim, and therefore the claim should be dismissed without leave to amend. *See* Dkt. 30 at 3, 6. Contrary to the Defendants' cited authority, the timely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite to suit in federal court. Rather, it is a prerequisite that is subject to waiver, estoppel and equitable tolling. *Zipes v. TWA, Inc.*, 455 U.S. 385, 393 (1982). *See also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1008–09 (9th Cir. 2011) ("Filing a timely charge of discrimination with the EEOC is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Similarly, "[t]he ADEA's 180–day filing requirement is in the nature of a statute of limitations and may be subject to equitable tolling." *DeBrunner v. Midway Equip. Co.*, 803 F.2d 950, 952 (8th Cir. 1986). *See also Perkins v. Silverstein*, 939 F.2d 463, 469–70 (7th Cir. 1991) ("[T]he administrative filing requirements imposed under Title VII and the ADEA are not 'jurisdictional prerequisites' which pose an absolute bar to suit, but rather 'conditions precedent,' similar to statutes of limitations, which are subject to equitable modification.").

Thus, if Plaintiff wishes to continue pursuing these claims, she must file an amended complaint setting forth factual allegations that establish her EEOC charge was rendered timely, i.e., via waiver, estoppel, or tolling. *See Seidler v. Amazon*, No. C23-0816JLR, 2023 WL 6902266, at *3 (W.D. Wash. Oct. 19, 2023) (dismissing discrimination claims "without prejudice and with leave to amend" because an amended complaint could set forth factual allegations establishing the timeliness of plaintiff's EEOC charge). *See also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1009 (9th Cir. 2011) (explaining that the doctrine of equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit."); *Forester v. Chertoff*, 500 F.3d 920, 929 (9th Cir. 2007) (Equitable tolling "often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant."); *Johnson v. Henderson*, 314 F.3d 409, 411, 414, 415 n.4 (9th Cir. 2002) (explaining that equitable *estoppel* requires "active conduct by a defendant, above and beyond the wrongdoing upon

:
_____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03806-SVW-MRW | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Mei-Miao Kuo v. NGY Group Inc. et al* | | |

which the plaintiff's claim is filed, to prevent the plaintiff from suing in time" and that equitable *tolling* does not apply if the claimant had "actual nor constructive notice of the filing period," for instance, if posters regarding EEO complaint procedures were posted throughout her workplace).

V. **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Accordingly, Plaintiff's motions for summary judgment are DENIED.

Plaintiff has 30 days to amend her complaint, otherwise the case will be dismissed.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |